Mr. Justice Sulzbacher did not sit at the hearing of this case.

---

## THE PEOPLE v. LÓPEZ.

### APPEAL from the District Court of Ponce.

No. 45.—Decided February 18, 1904.

APPEAL—FELONY—ERROR OF LAW.—An appeal in a criminal action amounting to a felony must be based upon an error of law.

EXTORTION—PUBLIC OFFICER.—A public officer who, by virtue of his official position, obtains money from another person by means of threats of a criminal prosecution for an alleged violation of law, is guilty of extortion.

SENTENCE—RIGHTS OF DEFENDANT.—The formalities prescribed by section 318 of the Code of Criminal Procedure must be complied with prior to pronouncing sentence and after the rendition of verdict.

The facts are stated in the opinion.

*Mr. López Landrón*, for appellant.

*Mr. del Toro, Fiscal*, for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court, as follows:

In this case José López Gaztambide was prosecuted for the crime of extortion in the District Court of Ponce which, after due process, rendered judgment on August 13 of last year, sentencing him to one year's imprisonment, at hard labor, in the penitentiary of the Island, and payment of costs occasioned at the trial. The judgment of conviction was based on the sworn information, which reads:

"José López Gaztambide is accused by information filed by the *Fiscal* of the crime of extortion, comprised under section 458 of the Penal Code, committed as follows: In the month of July, 1902, the said José López Gaztambide, now accused, while chief of the Insular Police forces stationed in the town of Yauco, as second lieutenant

Instituto, hoy acusado José Lopez Gaztambide, giró una visita con carácter oficial al establecimiento mercantil de Don José N. Peñas y apreciando que la Panaderia no se hallaba en la forma exigida por la ley de Sanidad y que las patentes para la venta de licores carecian de requisitos legales, exigió ilegalmente á dicho Peñas cincuenta pesos por no denunciarlo con la amenaza de formarle un expediente si no accedia á ello, conviniendo por fin el arreglo en diez y ocho dollars, los que recibió el acusado. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico. Francisco Parra, Fiscal de Distrito''.

Se celebró el juicio oral el día cuatro de Agosto del año último, y después de leerse el acta de acusación y de formular el Fiscal los cargos que de la misma aparecen, declaró el perjudicado Peñas sustancialmente conforme con la acusación, si bien dice que el hecho tuvo lugar en el mes de Agosto próximo pasado, y José Sanabria manifiesta que fué Guardia Insular, en esa época, y que, como tal guardia, y en compañía del Teniente Gaztambide, hizo una visita de inspección en el establecimiento de Peñas; que el Teniente le dijo á él que habia que denunciarle porque no estaba el establecimiento en forma; que luego observó que Peñas suplicaba al Teniente y que éste le exigió una cantidad de dinero para arreglar el asunto; que más tarde el que declara volvió á avistarse con Peñas, el que le dió diez y ocho pesos para entregar al Teniente, como así lo hizo el que declara. Mr. John B. Hart manifiesta que conoce á Peñas, comerciante de Yauco, y recuerda que, como Inspector de Rentas que es, ha visitado su establecimiento en varias ocasiones y siempre lo ha encontrado en debida forma.

En el acto del juicio la defensa se limitó á solicitar un veredicto de inculpabilidad y que en su virtud se absolviese al acusado; pero el trece de Agosto del año anterior presentó escrito su abogado ,solicitando un nuevo juicio, porque no sé instruyó á su defendido como prescribe el Artículo 318 del Código de Enjuiciamiento Criminal, y porque el veredicto es contrario á derecho y á las pruebas, y en este caso son de

thereof, visited in his offical capacity the mercantile establishment of José N. Peñas, and considering that the baker's shop did not conform to the provisions of the sanitary law, and that his licenses for the sale of liquors lacked the legal requirements, unlawfully demanded fifty dollars of said Peñas to abstain from reporting him under threat of prosecution if he did not accede to his demand, and finally agreed to settle the matter for eighteen dollars, which the accused received. This act is contrary to the law in such cases made and provided, and against the peace and dignity of the People of Porto Rico. Francisco Parra, District *Fiscal.*"

The oral trial was had on August 4 of last year, and when the information had been read and the *Fiscal* had formulated the charges appearing therein, the injured party, Peñas, testified substantially in accordance with the information, stating, however, that the act occurred in the month of August last, and José Sanabria declared that he was at the time an insular policeman and, as such, had, in company with Lieutenant Gaztambide, made a visit of inspection of Peñas' establishment; that the lieutenant had told him that he (Peñas) had to be reported, because his store was not kept properly; that he then noticed that Peñas was entreating the lieutenant and that the latter demanded of the former a sum of money to settle the matter; that later the witness again saw Peñas, who gave him eighteen dollars to hand over to the lieutenant, which he did. Mr. John B. Hart testified that he had known Peñas as a merchant of Yauco, and remembers that he has on several occasions, as an internal revenue inspector, visited his establishment, and always found it properly conducted.

At the trial the defense was confined to praying for a verdict of "not guilty" and that the defendant be accordingly discharged; but on the 13th of August of last year, his counsel filed a petition asking for a new trial, upon the ground that his client had not been informed of his rights as prescribed by section 318 of the Code of Criminal Procedure, and because the verdict was contrary to law and evidence, in which case

aplicación los Artículos 301, y número 6, del 303 del Código anteriormente citado. El Tribunal, por unanimidad, negó el nuevo juicio, por no ser aplicables á este caso los Artículos citados y el defensor solicitó que se hiciese constar su excepción por tal resolución, é inmediatamente se instruyó al acusado como determina el Artículo 318 del Código de Enjuiciamiento Criminal, y alegó que era inocente, dictándose la sentencia, de que ya se ha hecho mérito.

Contra esta sentencia se ha interpuesto recurso de apelación, que se ha formalizado ante esta Superioridad, con exposición de los hechos y, alegándose: 1, Que la declaración del perjudicado debe descartarse por estar interesado en la acusación y que el testimonio de José Sanabria es vago, ambiguo, indeciso, al extremo de no determinar si la entrega del dinero fué en metálico, ú otra clase de moneda, oro ó plata. 2. Que aún aceptando los hechos, éstos no caen de lleno dentro del Artículo 458 del Código Penal. 3. Que no se cumplió con el Artículo 318 del Código de Enjuiciamiento Criminal, instruyéndose, como en él se ordena, al acusado. Por estas razones concluye suplicando que se absuelva á José Lopez Gaztambide, con las costas de oficio y en su defecto, mandar abrir un nuevo juicio.

El Fiscal impugnó el recurso. No se ha presentado pliego de excepciones tal como lo exige, en su caso, el Artículo 295 del Código de Enjuiciamiento Criminal, ni se propuso, ni se practicó, prueba de ningún genero, que pudiese desvirtuar la de cargo practicada. En tales condiciones no cabe discutir la apreciación de las pruebas contra las cuales nada se ha opuesto en el acto del juicio, pero aún concediendo que esto pudiera hacerse, resulta que la declaración del perjudicado está integrada por la del testigo Sanabria, que afirma de un modo categórico los elementos de hecho necesarios para la definición del delito, sin que disminuya la credibilidad de su

article 301 and paragraph 6 of article 303 of said Code are applicable. The court unanimously denied a new trial upon the ground that the sections cited were not applicable to the case, whereupon counsel for the defense requested that his exception to this decision be entered. Immediately thereafter the defendant was instructed as prescribed by section 318 of the Code of Criminal Procedure, he pleaded not guilty, and thereupon the judgment referred to was rendered.

From said judgment an appeal was taken which has been perfected in this Supreme Court, accompanied by a statement of the facts, it being urged: 1. That the testimony of the injured party should be set aside because he was an interested party to the accusation, and that the statement of José Sanabria is so vague, ambiguous and indecisive, that it fails to determine whether the delivery of the money had been effected in specie or any other kind of currency, and whether in gold or silver. 2. That even admitting the facts as stated, they do not come under section 458 of the Penal Code. 3. That section 318 of the Code of Criminal Procedure was not complied with, by informing the defendant of the nature of the charge against him, as prescribed therein. For these reasons he finally prayed that José López Gaztambide be discharged, with costs for the account of the People, or in lieu thereof that a new trial be ordered.

The appeal was opposed by the *Fiscal.* No bill of exceptions has been filed as required in such cases by section 295 of the Code of Criminal Procedure, nor was evidence of any kind proposed and taken that might offset the evidence brought forward by the prosecution. Under such circumstances the consideration of the evidence against which nothing was opposed at the trial cannot be discussed; but even conceding that this could be done, it appears that the testimony of the injured party is borne out by that of the witness Sanabria, whose positive assertion contains the elements of fact necessary for a definition of the offense, the credibility

testimonio la circunstancia de no haber determinado la especie de moneda que le entregó Peñas para Gaztambide, porque sobre ese punto no está en contradicción con nadie, y no puede, por tanto, surgir la duda sobre la certeza de los hechos. Su declaración, por tanto, nada tiene de ambígua, vacilante ó indecisa. La apelación, dada la naturaleza del delito, solo puede versar sobre una cuestión de derecho, según los Artículos 345 del Código de Enjuiciamicnto Criminal, y su referente, el Artículo 14 del Código Penal. Ahora bien, los hechos objeto de la acusación y de la sentencia, caen de lleno dentro del Artículo 458 del Código Penal. Don José Lopez Gaztambide, en su carácter de Teniente de la Policía Insular, recibió diez y ocho dollars enviados por Don José N. Peñas, y arrancados, seguramente, por la amenaza que le hiciera de denunciarle bajo el supuesto de que el establecimiento no cumplia con las leyes de Sanidad, y de que las patentes para la venta de licores carecían de requisitos legales. Pues bien, no se puede negar que esa amenaza es elemento delictivo de la extorsión Artículo 457, número 2, del Código Penal, porque con ella se produjo en el ánimo de Peñas el temor de verse envuelto en un proceso criminal, por alguno de los delitos contra la salud, y contra el erario de Puerto Rico, comprendidos en los títulos 14 y 16 del Código Penal, y se arraiga más la convicción de lo injusto de la amenaza, cuando se vé que no consta que se llevare á cabo la denuncia y existe la presunción de la inocencia de Peñas al considerar la declaración de Mr. John B. Hart, Inspector de Rentas Internas, quien afirma que en las diversas ocasiones que visitó el establecimiento de aquél, siempre lo encontró en debida forma.

La pretensión del nuevo juicio, que subsidiariamente se solicitó al formalizar la apelación ante esta Superioridad, se funda en que el veredicto es contrario á derecho, por no haber recaido con las advertencias á que se refiere el Artículo 318 del Código de Enjuiciamiento Criminal; pero como consta de las copias remitidas que el día trece de Agosto, y ántes de

of his testimony not being diminished by his failure to specify the kind of money handed him by Peñas for Gaztambide, because upon this point he is not in contradiction with anybody, and, therefore, no doubt can arise as to the certainty of the facts. Thus there is nothing ambiguous, vacillating or indecisive in his testimony. Considering the nature of the offense, an appeal can be taken only on a question of law, according to section 345 of the Code of Criminal Procedure and section 14 of the Penal Code connected therewith. Now, then, the facts upon which the information is based come fully within the meaning of section 458 of the Penal Code:

José López Gaztambide, as lieutenant of the Insular Police, received eighteen dollars, sent by José N. Peñas, which was obtained from him no doubt by a threat to file a complaint against him for a supposed violation of the sanitary laws in his establishment, and lack of legal requirements in his licenses for the sale of liquors. Now, then, it cannot be denied that such a threat constitutes an element of the crime of extortion (sec. 457, par. 2, Penal Code) because it induced in the mind of Peñas the fear of being involved in a criminal prosecution for some of the crimes against public health and revenues of Porto Rico, comprised under titles XIV and XVI of the Penal Code, and a conviction of the injustice of the threat is strengthened when it is seen that the complaint does not appear to have been filed, while there exists a presumption of Peñas' innocence on considering the testimony of John B. Hart, an internal revenue inspector, who declared that on several occasions he had visited Peñas' establishment and had always found it properly conducted.

The demand for a new trial, put forward as an alternative on perfecting the appeal to this Supreme Court, is based on the ground that the verdict is contrary to law, inasmuch as it was rendered without the defendant's having been informed of the nature of the charge against him, as prescribed by section 318 of the Code of Criminal Procedure. But as it ap-

dictarse el fallo, se hicieron al acusado las prevenciones de dicho artículo, no puede accederse por este motivo, ni por otro alguno, á la celebración de un nuevo juicio. No hay, por tanto, razón que justifique las pretensiones del acusado, y el Ponente opina que debe confirmarse la sentencia apelada, con las costas al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de esta causa.

pears from the copies forwarded that on the 13th of August, before the delivery of the judgment, the defendant had been informed in conformity with said section, a new trial cannot be granted, either for this reason or any other. There is, therefore, no reason to justify the claims of the accused, and I am of the opinion that the judgment appealed from should be affirmed, with costs against appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.